UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT JOHN EDWARDS,<br><br>    Plaintiff,<br><br>v.<br><br>KALMAR INDUSTRIES OY AB and CARGOTEC FINLAND OY,<br><br>    Defendants. | CASE NO. 3:14-cv-05241-RJB<br><br>ORDER ON PLAINTIFF'S MOTION IN LIMINE TO STRIKE DEFENSE EXPERT JOHN HUNTER'S TESTIMONY |

THIS MATTER comes before the Court on Plaintiff's Motion in Limine to Strike Defense Expert John Hunter's Testimony. Dkt. 61. The Court has considered Defendant's Response (Dkt. 70) and the remainder of the file herein.

**A.  Plaintiff's Motion in Limine.**

Plaintiff argues that Mr. Hunter's accident reconstruction testimony is insufficiently reliable under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579, 589 (1993). Plaintiff's motion in limine requests that Mr. Hunter be precluded from testifying about:

    1. The safe speed to turn the corner at the time of the straddle carrier tip over;

    2. The critical speed (maximum speed) for the straddle carrier to successfully turn the subject corner;

    3. Mr. Hunter's calculations of the lateral forces pushing the straddle carrier over;

    4. Mr. Hunter's accident reconstruction of the straddle carrier tip over;

    5. Whether limiting the straddle carrier's speed to a maximum of 15.5 mph would prevent the straddle carrier from tipping over under the facts of the subject accident;

    6. Whether the Active Stability Control Device ("ASCD") would have prevented the tip over;

    7. Whether Plaintiff was the sole cause of the straddle carrier tip over; and

    8. Whether Plaintiff had marijuana and narcotics in his system that contributed to the accident.

Dkt. 61 at 1, 2.

**B. Fed. R. Evid. 702 and *Daubert*.**

The duty falls squarely upon the district court to "act as a 'gatekeeper' to exclude junk science that does not meet Federal Rule of Evidence 702's reliability standards." *Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 982 (9th Cir.2011). Rule 702 of the Federal Rules of Evidence states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

The rule has been interpreted within the Ninth Circuit to require that expert testimony be "both relevant and reliable." *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463–64 (9th Cir. 2014). "Relevancy simply requires that "[t]he evidence ... logically advance a material aspect of the party's case." *Id*., quoting *Cooper v. Brown,* 510 F.3d 870, 942 (9th Cir.2007). "Reliability" considers whether an expert's testimony has "a reliable basis in the knowledge and experience of the relevant discipline." *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 149

(1999) (citation and alterations omitted). Courts have wide latitude to determine whether an expert's testimony is reliable because "too much depends upon the particular circumstances of the particular case" to impose an exhaustive list of criteria. *Id*. at 150.

**C.  Discussion.**

Plaintiff's argument that Mr. Hunter's accident reconstruction is inadmissible because of its unreliability can be summarized as follows: (1) Mr. Hunter calculated the wrong center of gravity, speed, and timing, which effects other conclusions, such as the tip over speed, turn radius, and whether the ASCD would have prevented the accident; (2) Mr. Hunter failed to use industry and internationally accepted standards for determining stability, including the International Standards Organization ("ISO") calculation for center of gravity; and (3) there is no evidentiary basis for Mr. Hunter's speculation that drugs caused the tip over. *See* Dkt. 61.

Defendant's Response concedes that additional information provided to Mr. Hunter prior to his deposition but after writing his report changed some of Mr. Hunter's calculations, such as the gravitational force (.35 lateral g versus .39 lateral g), but, Defendant argues, Mr. Hunter testified that the new calculations did not alter his conclusions. Dkt. 70 at 13. Regarding Mr. Hunter's reliance on the ISO standard, Defendant argues that Mr. Hunter did not need to utilize the ISO standard because it would not change his conclusions. *Id*. at 12. Finally, Defendant argues that Mr. Hunter's conclusion about the effect of Plaintiff's drug use is substantiated by Plaintiff's admissions and drug history, in light of Mr. Hunter's decades of law enforcement experience. *Id*. at 8.

Concerning Issues ## 1-7, Plaintiff's motion should be denied without prejudice. Review of Mr. Hunter's expert report, declaration, and deposition transcript provide a sufficient basis for admissibility under ER 702. Mr. Hunter is not a rookie, with over 40 years of accident

1  reconstruction experience, including 25 years served with Washington State Patrol, adjunct

2  professor positions, as well as private practice. Dkt. 65-1 at 3. He has investigated thousands of

3  motor vehicle accidents. *Id.* at 2. Apparent from the record is Mr. Hunter's transparent method

4  for making the calculations that formed the basis of his conclusions, which he readily explained

5  at the deposition. *See, e.g.,*, Dkts. 74-4, 74-6. Mr. Hunter's calculations about the center of

6  gravity, an important factor in determining the roll over threshold for the straddle carrier,

7  changed from his initial report, but only because Mr. Hunter was provided updated information,

8  and Mr. Hunter provided the new calculations to Plaintiff in advance of the deposition. Dkt. 74 at

9  19, 21.*See* Dkt. 74-4 and 74-6. Mr. Hunter did not use the ISO because "It's not necessary. You

10 can calculate this very simply with the data I recently received. You didn't need to go through all

11 these advanced calculations, because you come up with the same answer." *Id*. Considered with

12 the rest of the deposition as context, a reasonable jury could conclude that Mr. Hunter's

13 statement shows a strong wellspring of knowledge and was not made by a person intentionally

14 ignoring international standards or trying to avoid making technical calculations.

15     In short, as to Issues ## 1-7, the record is sufficient for ER 702 purposes. Defendant

16 should be cautioned that Mr. Hunter's testimony is only admissible at trial where Defendant has

17 made a sufficient foundational showing. For example, Mr. Hunter repeatedly states that he

18 doesn't "know anything about design issues," and doesn't "get involved in standards of

19 manufacturing," Dkt. 74 at 10, 12, so his testimony as to the ASCD safety device (see Issue #6),

20 may be limited, depending on other evidence at trial.

21     Concerning Issue #8, whether Mr. Hunter should be precluded from testifying about

22 whether drugs contributed to cause the accident, the Court should deny Plaintiff's motion

23 without prejudice. Mr. Hunter's report, citing to his training, states:

24

> It is my experience that the driving task requires all the cognitive skills available and the use of drugs such as Marijuana and/or Oxycodone <u>can</u> have an adverse effect on the cognitive function causing euphoria, extreme relaxation, reduced anxiety, sensory distortion, poor coordination of movement, lower reaction time and sedation.

Dkt. 70 at 8 (emphasis added).

From the record provided, including Plaintiff's deposition testimony and medical records, there is evidence that after the accident Plaintiff tested positive for Oxycodone and THC, and that around the time of the accident Plaintiff smoked marijuana at least once or twice daily. These facts, with Mr. Hunter's Washington State Patrol experience, may provide a sufficient foundation for Mr. Hunter's opinion. With the proper foundation Mr. Hunter should be permitted to testify that drugs may have impaired Plaintiff's ability to operate the straddle carrier.

The denial of Plaintiff's motion as to this issue should not be construed as blanket admissibility of all evidence relating to Plaintiff's drug use.

\* \* \*

Plaintiff's Motion *in Limine* to Strike Defense Expert John Hunter (Dkt. 61) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 20th day of September, 2016.

ROBERT J. BRYAN
United States District Judge

ORDER ON PLAINTIFF'S MOTION IN LIMINE
TO STRIKE DEFENSE EXPERT JOHN
HUNTER'S TESTIMONY- 5